UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID WEBB, <br><br>    Plaintiff, <br><br>v. <br><br>OLIVE GARDEN ITALIAN RESTAURANTS, ET AL., <br><br>    Defendants. | Case No. C 08-04913 PVT <br><br> **ORDER DENYING PLAINTIFF DAVID WEBB'S MOTION FOR SANCTIONS** <br><br> **[Docket No. 19]** |

Plaintiff David Webb proceeding *pro se* moves for sanctions on the grounds that he was misled by counsel for defendant Olive Garden Italian Restaurant/Darden Restaurants. ("Olive Garden"). Specifically, plaintiff complains that an attorney named April Reid from the firm Maranga & Morgenstern called and informed him that she was counsel for defendant Olive Garden. As a result, plaintiff served by mail various pleadings related to the above-captioned case. The mail was returned to sender which caused him to miss critical deadlines. Plaintiff seeks sanctions in the amount of $5,000.

Defendant Olive Garden disputes that Ms. Reid ever misrepresented to plaintiff her status as legal counsel. Indeed, plaintiff confirmed Ms. Reid's employment at the firm by leaving a voicemail at her office telephone number. Moreover, defendant notes that the envelope which contained plaintiff's pleadings had an incomplete address. The suite number of the firm was

omitted. The firm is in a large, multi-level office building and the failure to include a suite number may have caused plaintiff's mail to be returned to him. Defendant Olive Garden argues that plaintiff's motion was frivolous. As such, defendant should be awarded sanctions in the amount of $1,176 for the time required to respond to the motion and the fees required to attend the hearing.

Pursuant to Civ. L.R. 7-1(b), plaintiff's motion is taken under submission without oral argument. Having reviewed the papers and considered the arguments of the parties, IT IS HEREBY ORDERED THAT plaintiff's motion for sanctions is denied.[1]

Rule 11(b)(1) states in pertinent part:

By presenting to the court a pleading, written motion, or other paper -whether by signing, filing, submitting or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Rule 11(c)(1), Rule 11(c)(2) and Rule (c)(4) state in pertinent part:

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

A motion for sanctions must . . . describe the specific conduct that allegedly violates Rule 11(b).

A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated

As an initial matter, defendant Olive Garden did not present to the court a pleading, written motion or other paper. Rather, plaintiff's complaints stem from defendant's failure to receive certain pleadings he served by mail. In addition, plaintiff has not shown that the pleadings he did mail were returned to him as the result of an improper purpose such as to cause an unnecessary delay or needlessly increase the cost of litigation. Finally, plaintiff has not been prejudiced by the delayed service. His pleadings related, in substance, to verifying service of the

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

1  complaint. Defendant Olive Garden has appeared in the above-captioned action and has moved
2  to dismiss the complaint pursuant to Rule 12(b)(6). The hearing on the motion is currently
3  scheduled for March 3, 2009 at 10AM.
4  Dated:  *February 4, 2009*

   _____
   PATRICIA V. TRUMBULL
   United States Magistrate Judge

1  *Counsel automatically notified of this filing via the court's Electronic Case Filing system.*

2  <u>copies mailed on</u> *February 4, 2009*  <u>to:</u>

4  David Webb
PO Box 312
Clearfield, Utah 84089

```
                              _____EHP_____
                              Chambers of US Magistrate Judge
                                   Patricia V. Trumbull
```