UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID WEBB,<br>　　　　　Plaintiff,<br>　v.<br>OLIVE GARDEN RESTAURANT/DARDEN RESTAURANTS, et al.,<br>　　　　　Defendants. | Case No.: C08-04913 PVT<br>**ORDER GRANTING DEFENDANT OLIVE GARDEN'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff David Webb, proceeding *pro se*, filed a complaint against Olive Garden Italian Restaurant/Darden Restaurants, Lisa Chorello, Jacob Palpallatoc, Emili [Jane Doe], and Large Pacific Islander [John Doe]. (collectively "Defendants"). Plaintiff alleges claims of simple assault, battery, defamation, and has sought compensatory and punitive damages. Defendant Olive Garden Italian Restaurant/Darden Restaurants moves to dismiss the complaint and moves to strike the prayer for punitive damages.[1] On March 3, 2009, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel and for the reasons set forth below, Defendant Olive

---

[1] All parties have consented to the jurisdiction of a U.S. Magistrate Judge.

1  Garden/Darden Restaurant's motion to dismiss is granted with leave to amend.[2]

## BACKGROUND

Darden Restaurants is a publicly traded company incorporated in the state of Florida. It is a large company-owned and operated full service restaurant company that includes restaurants such as the Olive Garden and Red Lobster. Plaintiff, a citizen of the state of Hawaii, had dinner at Olive Garden #1360 in Palo Alto, California on July 2, 2008, where he met the on-duty floor supervisor named Emili. Plaintiff alleges Emili made advances toward him.

The following evening, Plaintiff returned to the Olive Garden and asked for Emili to extend to her a professional invitation. Jacob Palpallatoc, Sales Manager, approached Plaintiff and said he was not welcome at the restaurant and that Emili had said "a lot of things not good" about him. Plaintiff alleged that Mr. Palpallatoc came within two feet of his comfort zone and approached him with a pushing motion of his hands. Another employee, which Plaintiff describes as a large pacific islander, approached plaintiff as well. Plaintiff alleges the large pacific islander punched his fist inside his open hand and approached Plaintiff in a quick step when Plaintiff asked the Defendants to cease their behavior. Eventually, General Manager, Lisa Chorello, told the two Olive Garden employees to go back inside the restaurant and informed Plaintiff she would discuss her employees' conduct with them. Plaintiff then left the restaurant.

Plaintiff filed his complaint on October 28, 2008. Plaintiff sets forth the following claims in his complaint against the Defendants and requests that Defendants "be held liable for punitive damages as appropriate under civil circumstances:"

A. *Olive Garden Restaurant #1360/Darden Restaurants*

Liability under the legal doctrine of respondeat superior for its employees' conduct for civil and criminal vicarious liability. Plaintiff demands judgment in the amount of $685,000.00.

B. *Lisa Chorello, General Manager of Olive Garden Restaurant #1360*

Liable in her official and individual capacity for watching simple assault/battery and defamation against Plaintiff. Plaintiff requests damages in the amount of $100,000.00.

---

[2] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

C.  *Jacob Palpallatoc, Sales Manager*

Liable in his official and individual capacities for simple assault/battery and defamation against Plaintiff.  Plaintiff requests damages in the amount of $300,000.00.

D.  *Emili, Floor Supervisor [Jane Doe]*

Liable in her official and individual capacities for defamation against Plaintiff by stipulating verbiage to Defendants Palpallatoc and Large Pacific Islander that incited simple assault/battery and defamation.  Plaintiff requests damages in the amount of $50,000.00.

E.  *Large Pacific Islander, Manager [John Doe]*

Liable in his official and individual capacities for simple assault/battery against Plaintiff.  Plaintiff requests damages in the amount of $200,000.00.

Subsequently, Defendant, Olive Garden Italian Restaurant/Darden Restaurants, moved to dismiss the complaint and moved to strike the prayer for punitive damages.

## LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, a motion to dismiss may be raised for failure to state a claim upon which relief can be granted.  Fed. R. Civ. Proc. 12(b)(6).  In ruling on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether those allegations, if proved, establish a valid claim for relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 544 (2007); *Pareto v. F.D.I.C.* 139 F.3d 696, 699 (9th Cir. 1998).  The court need not accept as true conclusory allegations or legal characterizations nor need it accept unreasonable inferences or unwarranted deductions of fact.  *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *see Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

Furthermore, before responding to a pleading, or if no responsive pleading is permitted, a party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. Proc. 12(f).  Redundant has been defined as including allegations that are wholly foreign to the issues involved.  *Gilbert v. Eli Lilly Co.*, Inc., 56 FRD 116, 120, fn.4 (D PR 1972).

Federal Rule of Civil Procedure 15(a) expressly states leave to amend "shall be freely given

when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Federal policy strongly favors determination of cases on the merits, therefore leave to amend pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

## DISCUSSION

### A. Defamation

The tort of defamation involves: (1) a publication that is; (2) false; (3) defamatory; and (4) unprivileged; and that (5) has a natural tendency to injure or that causes special damage. *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007).

Plaintiff's complaint fails to allege any facts to support his claim. The complaint does not allege that any statements made by Defendants were false. Moreover, the complaint does not allege that any statements made were heard or believed by any third parties. Therefore, the court grants Defendant's motion to dismiss the claim with leave to amend.

### B. Battery

A battery is an intentional, unlawful and harmful contact by one person with the person of another. *Ashford v. King*, 228 Cal. App. 3d 604, 611 (1991).

The complaint does not allege that any of the Defendants ever had contact with Plaintiff. Therefore, the court grants Defendant's motion to dismiss the claim with leave to amend.

### C. Assault

An assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present. *Lowry v. Standard Oil Co. of California*, 63 Cal. App. 2d 1, 6-7 (1944). The tort of assault is complete when the anticipation of harm occurs. *Kiseskey v. Carpenters' Trust for Southern California*, 144 Cal. App. 3d 222, 232 (1983).

First, Plaintiff alleges that the Sales Manager, Mr. Palpallatoc, approached him with a pushing motion of his hands and invaded his personal space within two feet of his comfort zone. Plaintiff further alleges that Mr. Palpallatoc continued to approach Plaintiff as he backed away from him. Second, Plaintiff alleges that an employee described as a large pacific islander came out of the

restaurant pounding one of his fists into an open hand. That employee continued this behavior for fifteen minutes and continued to approach Plaintiff after he demanded that the behavior cease.

Plaintiff alleges that Defendants, Mr. Palpallatoc and the employee described as a large pacific islander, intended to inflict immediate injury on him and that he anticipated harm when he continued to back away from them. However, Plaintiff fails to plead facts that Defendants' behavior lead to his fear of imminent bodily harm. Having failed to allege the requisite elements of an assault claim, Defendant Olive Garden/Darden Restaurant's motion to dismiss the assault claim is granted with leave to amend.

### D. Civil and Criminal Vicarious Liability

Under the theory of respondeat superior, a principal/employer is vicariously liable for an agent/employee's torts committed within the scope of agency/employment. *Perez v. Van Groningen & Sons, Inc.*, (1986) 41 Cal.3d 962, 967. Respondeat superior is a civil, not criminal cause of action, and is plead through the tort committed against the plaintiff. In order to establish tort liability against an asserted principal, the plaintiff must prove both of the following: (1) that [name of agent] was Olive Garden's agent/employee; and (2) that [name of agent] was acting within the scope of his/her employment when he/she harmed the plaintiff. Judicial Council of California, Civil Jury Instructions, vol. 2, p. 908 (Dec. 2008). An act is within the scope of employment if it is either (1) required or incident to his duties, or (2) could be reasonably foreseen by the employer in any event. *Bailey v. Filco, Inc*. (1996) 48 Cal.App.4th 1552, 1559.

Defendant requests that the court dismiss the entire Complaint without leave to amend because no such cause of action exists. Because this is a civil action, Defendant's motion to strike the claim for criminal vicarious liability is granted.

### E. Punitive Damages

California Civil Code Section 3294(a) states that punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." Malice is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a wilful and conscious

disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). California Civil Code Section 3294(c)(2) defines oppression as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Fraud is "an intentional misrepresentation, deceit or concealment of a material fact known to the defendant or thereby depriving a person of property or legal rights or otherwise causing injury. Cal. Civ. Code § 3294(c)(3).

For liability of an employer to be based on acts of an employee, punitive damages shall only be available if "the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(b).

Defendant states Plaintiff never alleged any statements said by Defendants except that Emili said "some things about Plaintiff that were not good." No facts have been alleged that Defendant Olive Garden had advance knowledge of the unfitness of any of its employees, that Olive Garden/Darden Restaurants consciously disregarded the rights and safety of others, that Olive Garden ratified any wrongful conduct or was personally guilty of oppression, fraud or malice. Even in viewing the facts most favorably to Plaintiff, Plaintiff has not established that any Defendants exhibited malice, oppression, or fraud during the incident at the Olive Garden. Therefore, Defendant's motion to strike Plaintiff's prayer for punitive damages is granted with leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant Olive Garden Italian Restaurant/Darden Restaurant's Motion to Dismiss is granted with leave to amend. Following the hearing but prior to the issuance of this order, Plaintiff filed a First Amended Complaint on March 10, 2009. Pursuant to this order, Plaintiff may file a second amended complaint no later than March 30, 2009.[3] In the event Plaintiff elects not to make any further amendments to the complaint, the First Amended Complaint shall be

---

[3] At the hearing, the court stated that Plaintiff may file an amended complaint no later than March 20, 2009. In light of the date this order was issued, Plaintiff may file a further amended complaint no later than March 30, 2009.

1 | the operative pleading.

2 |     IT IS SO ORDERED.

3 | Dated:     March 19, 2009

*Patricia V. Trumbull*

PATRICIA V. TRUMBULL
United States Magistrate Judge

*A copy of this order was mailed on March 19, 2009 to the following:*

David Webb
P.O. Box 312
Clearfiled, UT 84089

\_\_\_EHP for_____
CORINNE LEW
Courtroom Deputy